**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 04-1764**

─────────────

DIANA SIAHAAN; DAULAT J.R. SIMANJANTAK; HEIDY
J.R. SIMANJANTAK,

                                        Petitioners,

        versus

ALBERTO R. GONZALES, Attorney General,

                                        Respondent.

─────────────

On Petition for Review of an Order of the Board of Immigration
Appeals. (A95-533-683; A95-533-684; A95-533-685)

─────────────

Submitted:  February 23, 2005        Decided:  March 22, 2005

─────────────

Before NIEMEYER, WILLIAMS, and SHEDD, Circuit Judges.

─────────────

Petition denied by unpublished per curiam opinion.

─────────────

Linda Hanten, Cecil C. Harrigan, HARRIGAN & HANTEN, PC, Washington,
D.C., for Petitioners. Peter D. Keisler, Assistant Attorney
General, M. Jocelyn Lopez Wright, Assistant Director, Carol A.
Bell, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for
Respondent.

─────────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Diana Siahaan, her husband, Daulat J.R. Simanjantak, and their daughter, Heidy J.R. Simanjantak (collectively "Petitioners"), natives and citizens of Indonesia, petition for review of an order of the Board of Immigration Appeals dismissing their appeal from the immigration judge's denial of their requests for asylum, withholding of removal, and protection under the Convention Against Torture. Siahaan is the primary applicant for asylum; the claims of her husband and daughter are derivative of her application. See 8 U.S.C.A. § 1158(b)(3) (West 1999 & Supp. 2004); 8 C.F.R. § 1208.21(a) (2004).

In their petition for review, the Petitioners challenge the Board's determination that they failed to establish their eligibility for asylum. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that the Petitioners fail to show that the evidence compels a contrary result. Accordingly, we cannot grant the relief that they seek.

Additionally, we uphold the denial of the Petitioners' request for withholding of removal. "Because the burden of proof for withholding of removal is higher than for asylum--even though

- 2 -

the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)." <u>Camara v. Ashcroft</u>, 378 F.3d 361, 367 (4th Cir. 2004). Because the Petitioners fail to show that they are eligible for asylum, they cannot meet the higher standard for withholding of removal.[*]

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>

---

[*]The Petitioners do not challenge the denial of their request for protection under the Convention Against Torture.